SARAH L. OVERTON (CSB # 163810)
CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
(951) 276-4420
(951) 276-4405 facsimile
soverton@cmda-law.com
Attorneys for Defendants
the Honorable Kathleen E. O'Leary,
Presiding Justice of the California Court of Appeal,
Fourth Appellate District, Division Three;
the Honorable William W. Bedsworth,
Justice of the California Court of Appeal,
Fourth Appellate District, Division Three;
the Honorable William L. Rylaarsdam,
Justice of the California Court of Appeal,
Fourth Appellate District, Division Three (Ret.);
the Honorable Charles Margines, Presiding Judge
of the Superior Court of California, County of Orange; and
the Honorable Robert J. Moss, Judge of the Superior Court
of California, County of Orange

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE EICHERLY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT J. MOSS, et al.,<br><br>Defendants. | CASE NO. SACV-16-02233 CJC (KESx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [F.R. Civ.P. Rules 12(b)(1) and (6)];<br><br>REQUEST FOR JUDICIAL NOTICE AND EXHIBITS;<br><br>[PROPOSED] ORDER<br><br>DATE: April 3, 2017<br>TIME: 1:30 p.m.<br>CRTM: 9B, Ninth Floor<br>JUDGE: Hon. Cormac J. Carney |

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

TO PLAINTIFFS SUE EICHERLY, MYRLE MOORE, FLOYD CHODOSH, OLE HAUGEN, TODD PETERSON, KATHLEEN SCHOWALTER, ROGER KANE AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on April 3, 2017, at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 9B, on the ninth floor of the above-entitled court located at 411 W. Fourth Street, Santa Ana, California, defendants the Honorable Kathleen E. O'Leary, Presiding Justice of the California Court of Appeal, Fourth Appellate District, Division Three; the Honorable William W. Bedsworth, Justice of the California Court of Appeal, Fourth Appellate District, Division Three; the Honorable William L. Rylaarsdam, Justice of the California Court of Appeal, Fourth Appellate District, Division Three (Ret.); the Honorable Charles Margines, Presiding Judge of the Superior Court of California, County of Orange; and the Honorable Robert J. Moss, Judge of the Superior Court of California, County of Orange will and hereby do move this court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and (6) for a dismissal of the complaint against them on the following grounds:

1. The complaint is barred against Justice O'Leary, Justice Bedsworth, Justice Rylaarsdam and Judge Moss based upon judicial immunity;
2. This court lacks subject matter jurisdiction over the complaint pursuant to the *Rooker-Feldman* Doctrine, Abstention Doctrine and the Eleventh Amendment;
3. The complaint, and each claim set forth therein, fails to state any claim from which relief may be granted against these defendants.

This motion is based upon this notice of motion, the attached memorandum of points and authorities, the request for judicial notice, filed concurrently, all pleadings and papers on file in this action, and upon such other matters as the court may allow to be presented at the time of the hearing on this matter.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

Pursuant to L.R. 7-3, the conference of counsel between plaintiff's counsel and the undersigned occurred on February 7, 2017.

Dated: February 15, 2017

**CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.**

/S/ SARAH L. OVERTON

By: ______________________________

Sarah L. Overton
Attorneys for Defendants
the Honorable Kathleen E. O'Leary,
Presiding Justice of the California Court of Appeal,
Fourth Appellate District, Division Three;
the Honorable William W. Bedsworth,
Justice of the California Court of Appeal,
Fourth Appellate District, Division Three;
the Honorable William L. Rylaarsdam,
Justice of the California Court of Appeal,
Fourth Appellate District, Division Three (Ret.);
the Honorable Charles Margines, Presiding Judge
of the Superior Court of California, County of Orange; and
the Honorable Robert J. Moss, Judge of the Superior Court
of California, County of Orange

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES……………………………………………………….iii

MEMORANDUM OF POINTS AND AUTHORITIES…………………………1

I. INTRODUCTION……………………………………………………..1

II. ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFFS' COMPLAINT AGAINST THE MOVING DEFENDANTS………..2

III. THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE…………………………………………………………4

IV. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BASED UPON THE ABSTENTION DOCTRINE…………………………..7

V. THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE ELEVENTH AMENDMENT…………………………………………………...8

VI. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED……………………………………..10

VII. CONCLUSION………………………………………………..12

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) . . . . 11

*Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d. 234, 246 (1970) . . . . . . . . . . . . . . . . . 5

*Belanger v. Madera Unified School District*, 963 F.2d 248 (9th Cir. 1992) . . . . . 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . 7

*Bradley v. Fischer*, 80 U.S. 335, 20 L.Ed. 646 (1872) . . . . . . . . . . . . . . . . . . . 3

*Broughton v. Cigna Healthplans*, 21 Cal.4th 1066 (1999) . . . . . . . . . . . . . . . . 9

*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336 (9th Cir. 1996.) . . . . . . . . . . . 10

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026 (9th Cir. 2001) . . . 6

*Durning v. Citibank, N.A.*, 950 F.2d 1419 (9th Cir. 1991) . . . . . . . . . . . . . . . . 8

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103 (9th Cir. 1987) 9

*Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . 11

*Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . 11

*Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) . . . 9

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) . . . . . . . . . . . . . . . . . 6

*Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006), . . . 5

*Meek v. County of Riverside*, 183 F.3d 962 (9th Cir. 1999) . . . . . . . . . . . . . . . 9

*Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d. 9 (1991) . . . . . . . . . 3

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

*Moore v. Brewster*, 96 F.3d 1240 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . 4

*Olson Farms, Inc. v. Barbosa*, 134 F.3d 933 (9th Cir. 1998 . . . . . . . . . . . . . . . . 5

*Pennhurst v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) . . . 9

*Pierson v. Ray*, 386 U.S. 547, 87 S.Ct 1213, 18 L.Ed.2d 288, 294 (1967) . . . . . 4

*Regents of the University of California, et al. v. John Doe, et al.*, 519 U.S. 425, 117 S.Ct. 900, 137 L.Ed.2d. 55 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) . . . . . . 10

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) . 5

*Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) . . . . . 3

*United States v. Adair*, 723 F.2d 1394 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . 8

*Updike v. City of Gresham*, 62 F. Supp. 3d 1205, 1212 (D. Or. 2014) . . . . . . . . 4

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . 6

*Worldwide Church of God v. McNair*, 805 F.2d 888 (9th Cir. 1986) . . . . . . . . . 5

*Yakama Indian Nation v. State of Washington Department of Revenue*, 176 F.3d 1241 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 669 (1971) . . . . . . . . . 7

## Statutes

28 U.S.C. § 1257 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. § 1601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Rules

Fed. Rules of Civ. Proc., Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

## Constitutional Provisions

Eleventh Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The instant complaint concerns plaintiffs' dissatisfaction with the adverse orders and judgments entered against plaintiffs in two cases filed in the Superior Court of California, County of Orange (Superior Court). In general, both Superior Court cases concern plaintiffs' membership rights in a mobile home park where plaintiffs previously resided. The first case about which the instant complaint concerns, *Chodosh v. Palm Beach Park Assoc., et al*, Superior Court case 30-2010-00423544 (*Chodosh*), was brought by all of the instant plaintiffs against all of the instant non-judicial defendants. As for that case, there appears to be a final judgment as to all defendants except defendant Palm Beach Park Association, whose judgment against plaintiff is currently on appeal. *See*, Request for Judicial Notice (RJN) and ex. 1, docket, *Chodosh v. Palm Beach Park Assoc, et al*, Superior Court case 30-2010-00423544 (*Chodosh* docket).

The second case about which the instant complaint concerns is *Haugen v. PBPA*, Superior Court case 30-2015-00819837 (*Haugen*). That case was filed only by plaintiff Ole Haugen, not the other plaintiffs, and only against defendant Palm Beach Park Association. There is a final judgment in that case. RJN; ex. 2, docket, *Haugen v. PBPA*, Superior Court case 30-2015-00819837 (*Haugen* docket).

In the present complaint, plaintiffs allege that the judge presiding over both *Chodosh* and *Haugen*, the Honorable Robert J. Moss, Judge of the Superior Court of California, County of Orange (Judge Moss), entered orders which plaintiffs contend were erroneous and the product of a conspiracy or other wrongful conduct. In addition, plaintiffs allege that they filed appeals and/or writ petitions in an effort to overturn Judge Moss's orders in the California Court of Appeal, Fourth Appellate District, Division Three (Court of Appeal). However, the

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

complaint alleges that the appeals/writs were improperly denied by the Honorable Kathleen E. O'Leary, Presiding Justice of the California Court of Appeal, Fourth Appellate District, Division Three (Justice O'Leary); the Honorable William W. Bedsworth, Justice of the California Court of Appeal, Fourth Appellate District, Division Three (Justice Bedsworth); and the Honorable William L. Rylaarsdam, Justice of the California Court of Appeal, Fourth Appellate District, Division Three (Ret.) (Justice Rylaarsdam). Finally, with regard to defendant the Honorable Charles Margines, Presiding Judge of the Superior Court of California, County of Orange (Judge Margines), plaintiffs contend that they complained to him about the erroneous orders of Judge Moss, but that Judge Margines failed to act upon their complaints. The complaint prays for a judicial declaration that all of the judicial actions taken by these judicial defendants during the pendency of *Chodosh* and *Haugen*, and all of the orders issued by these judicial defendants, violated plaintiffs' rights.

As discussed more fully below, plaintiff's complaint must be dismissed without leave to amend. First, the complaint is entirely barred against Justice O'Leary, Justice Bedsworth, Justice Rylaarsdam and Judge Moss on the basis of judicial immunity. Second, the court lacks subject matter jurisdiction over the complaint pursuant to the *Rooker-Feldman* Doctrine, the Abstention Doctrine and the Eleventh Amendment. Finally, plaintiff's complaint fails to state a claim upon which relief can be granted against the moving defendants.

## II.

## ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFFS' COMPLAINT AGAINST THE MOVING DEFENDANTS

Justice O'Leary, Justice Bedsworth, Justice Rylaarsdam and Judge Moss, are absolutely immune from liability in this lawsuit. This is because the United States Supreme Court has established the rule that judges are immune from civil

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d. 9 (1991).

"[I]t is the general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own conviction, without apprehension of personal consequences to himself." *Bradley v. Fischer*, 80 U.S. 335, 346, 20 L.Ed. 646 (1872).

In the present case, the only allegations in the complaint pertaining to Justice O'Leary, Justice Bedsworth and Justice Rylaarsdam pertain to their judicial opinions with regard to the *Chodosh* appeals and writ petitions. Likewise, the only allegations in the complaint pertaining to Judge Moss concern his judicial decisions and orders taken in his judicial capacity while presiding over *Chodosh* and *Haugen*.

In determining whether judicial immunity applies, the United States Supreme Court in *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978), stated that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity."

In the present case, plaintiffs have clearly alleged that they were dealing with these judicial defendants in their judicial capacity because they complain about the orders and decisions they rendered during the *Chodosh* and *Haugen* cases.

Moreover, it is irrelevant that plaintiff has alleged that their orders were erroneous and/or wrongful. The United States Supreme Court set forth the scope of judicial immunity.

> This immunity applies even when the judge is accused of acting maliciously and corruptly and is not for the protection or benefit of a

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

> malicious or corrupt judge, but for the benefit of the public whose interest it is that the judges should be at liberty to exercise their functions with independence and without fears of consequences. (Citations.)

*Pierson v. Ray*, 386 U.S. 547, 554 87 S.Ct 1213, 1218, 18 L.Ed.2d 288, 294 (1967).

Regardless of whether plaintiffs allege that the decisions, orders and opinions of Judge Moss, Justice O'Leary, Justice Bedsworth and Justice Rylaarsdam were erroneous or wrongful, these defendants would be entitled to absolute judicial immunity.

In addition, judicial immunity applies regardless of whether plaintiffs are seeking monetary damages, injunctive or declaratory relief. As the court in *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) stated, "[t]he judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief."

"Judges are absolutely immune from liability for damages, injunctive relief, and declaratory relief sought as a result of judicial acts performed in their judicial capacity. (Citation.)" *Updike v. City of Gresham*, 62 F. Supp. 3d 1205, 1212 (D. Or. 2014) [holding that judicial immunity applied to state court judge regardless of whether plaintiff was seeking declaratory, injunctive or equitable relief.].

Thus, regardless of plaintiff's allegations, and regardless of the form of relief that plaintiff is seeking against these judicial defendants, judicial immunity bars this action against Justice O'Leary, Justice Bedsworth, Justice Rylaarsdam and Judge Moss.

**III.**

**<u>THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE</u>**

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

A party may bring a motion to dismiss where there is a "lack of jurisdiction over the subject matter." Fed. Rules of Civ. Proc., Rule 12(b)(1).

In this case, plaintiffs complain about the various orders and rulings against them in the Superior Court cases. To that end, plaintiffs have specifically requested a declaration from this Court to the effect that the orders, judgments and decisions rendered in the Superior Court and the Court of Appeal by moving defendants were unconstitutional and invalid. However, the federal court does not have subject matter jurisdiction to review the actions taken by the state courts such as requested in the instant action. *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296, 90 S. Ct. 1739, 1748, 26 L. Ed. 2d. 234, 246 (1970). The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006). *See also*, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 , 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 ,44 S. Ct. 149, 68 L. Ed. 362 (1923); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998; *Worldwide Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986).

The *Rooker-Feldman* doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis, supra*, 546 U.S. 459,126 S. Ct. 1198, 163 L. Ed. 2d 1059, 1066. It is only the United States Supreme Court which may review the decisions of a state court. 28 U.S.C. § 1257. "In part, this prohibition arises through a negative inference from 28 U.S.C. § 1257, which grants jurisdiction to review a state court judgment in the United States Supreme Court. (Citation.) That is, while § 1257 explicitly authorizes the United States Supreme Court to hear an appeal from a state court

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

judgment, it impliedly prohibits the lower federal courts from doing so." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

In the present case, plaintiffs are specifically seeking from this Court a review of state court decisions. Plaintiffs have set forth various orders and decisions in the complaint issued by these judicial defendants during the pendency of the *Chodosh* and *Haugen* cases which plaintiffs contend violated their constitutional rights.[1] However, this Court does not have jurisdiction to perform such a review.

"The purpose of the Doctrine is to protect state court judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.' " *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). Indeed, the federal district court may not review the decisions of a state court even where the plaintiff alleges that those decisions violate the plaintiff's constitutional rights. *Feldman*, 460 U.S. at 486, 103 S.Ct. at 1317, 75 L.Ed.2d at 225.

The Ninth Circuit stated that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in a federal district court." *Wolfe v. Strankman*, 392 F.3d 358, 363 (9th Cir. 2004).

That is precisely the situation in the present case. Plaintiffs' complaint asserts as "legal wrongs" the judicial orders of all of the judicial defendants in the *Chodosh* and *Haugen* cases. Plaintiffs are seeking an appellate-type review of the

---

1 It appears from the dockets that as to the *Chodosh* and *Haugen* cases, there are final judgments adverse to plaintiffs with regard to all defendants except that in *Chodosh*, the judgment in favor of defendant Palm Beach Mobile Home Park is currently on appeal. RJN, ex. 1, *Chodosh* docket; ex. 2, *Haugen* docket.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

state court actions. However, the *Rooker-Feldman* Doctrine prevents that type of de facto appeal.

> *Rooker–Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. (Citation.)

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

In the present case, the complaint alleges that the orders, decisions and judgments of Judge Moss were erroneous and wrongful. Likewise, the complaint alleges that the decisions and opinions of Justice O'Leary, Justice Bedsworth and Justice Rylaarsdam were part of an overall conspiracy to deprive plaintiffs of their rights. A determination as to whether plaintiffs rights were violated by the orders rendered in the state courts would clearly "undercut the state ruling." Therefore, the instant action is inextricably intertwined with the Superior Court and Court of Appeal decisions and the *Rooker-Feldman* Doctrine applies to bar the entire action.

**IV.**

**PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BASED UPON THE ABSTENTION DOCTRINE**

It is the general rule that federal courts must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 40-41, 91 S.Ct. 746, 748, 27 L.Ed. 669, 673 (1971). "Absent 'extraordinary circumstances,' abstention in favor of state court proceedings is required if the state court proceedings: (1) are ongoing,

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

(2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims).

In the present case, all three factors are present. First, the *Chodosh* action is "ongoing" as it pertains to defendant Palm Beach Park Association because that matter is currently on appeal. Abstention with regard to this matter implicates important state interests regarding ownership of land within the state's boundaries. Finally, plaintiffs have an adequate avenue to litigate their federal constitutional claims in their appeal.

In civil cases, abstention has been upheld where a party seeks to invoke federal jurisdiction for the purpose of "restraining state proceedings or invalidating a state law." See *United States v. Adair*, 723 F.2d 1394, 1402 n.5 (9th Cir. 1983). Here, plaintiffs are attempting to restrain the appellate proceedings by issuing orders potentially conflicting with those made in the state Court of Appeal. Thus, under *Younger* abstention, dismissal of the federal action is required.

## V.

## THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE ELEVENTH AMENDMENT

The Eleventh Amendment to the United States Constitution states "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

The Eleventh Amendment bars suits which seek damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies. *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-1423 (9th Cir. 1991). The Eleventh Amendment grants sovereign immunity to states against suits filed in federal court. *See, Regents of the University of California, et al. v. John Doe, et*

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

*al.*, 519 U.S. 425, 117 S.Ct. 900, 137 L.Ed.2d. 55 (1997); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d. 1114 (1978).

The Eleventh Amendment bars actions for damages against state agencies unless Congress expresses to the contrary or the state agency unequivocally waives the immunity. *Belanger v. Madera Unified School District*, 963 F.2d 248, 249 (9th Cir. 1992); *Yakama Indian Nation v. State of Washington Department of Revenue*, 176 F.3d 1241, 1244 (9th Cir. 1999); *Pennhurst v. Halderman*, 465 U.S. 89, 99-100, 104 S.Ct. 900, 906-907, 79 L.Ed.2d 67 (1984).

A suit against the superior court is a suit against the state and is barred by the Eleventh Amendment. *Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987).

In addition to the Eleventh Amendment bar against actions involving the state or state agencies, "[t]he 11th Amendment [also] bars suit against state officials when 'the state is the real, substantial party in interest.' " *Pennhurst v. Halderman*, *supra*, 465 U.S. at 101, 104 S.Ct. at 908. "Personal-capacity suits seek to impose personal liability on a governmental official for actions he takes under color of law." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which the officer is an agent.' " *Ibid*.

A judge of the Superior Court is a state judicial officer. Cal. Const., Art. VI, § 4; *Broughton v. Cigna Healthplans*, 21 Cal.4th 1066, 1081-1082 (1999); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (holding that municipal court judges are "state officials").

In the present case, plaintiffs have sued all of these moving defendants in their individual and official capacities. Therefore, to the extent that plaintiffs have named these judicial officers in their official capacities, the Eleventh Amendment bars this action. Moreover, as to Judge Margines, plaintiffs have failed to set forth

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

any facts which pertain to actions taken in his individual capacity. Rather, the complaint only alleges that plaintiffs complained to Judge Margines in his official capacity as the Presiding Judge of the Superior Court. Consequently, the Eleventh Amendment bars the entire action against Judge Margines.

## VI.

## THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Additionally, plaintiff has failed to state any claim for relief against these moving defendants. A party can bring a motion to dismiss when the complaint fails to "state a claim upon which relief can be granted." Fed. Rules Civ. Proc., Rule 12 (b)(6). A complaint will be dismissed as a matter of law for either of two reasons "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984).

A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679, 129 S.Ct. at 1950.

In determining whether a case fails to state a claim, "[a]ll allegations and material facts are taken as true and construed in the light most favorable to the non-moving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996.)

A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). "Threadbare

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679, 129 S.Ct. at 1950.

Here plaintiffs have failed to state a plausible claim for relief against any of these moving defendants. Furthermore, to state a claim against an individual defendant, a plaintiff must allege *facts* showing the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendants' alleged wrongful conduct and the alleged constitutional deprivation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). "A plaintiff must allege facts, not simply conclusions that show an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In the present case, the first claim for relief is for a violation of due process pursuant to 42 U.S.C. § 1983 against Judge Moss, Justice O'Leary, Justice Bedsworth and Justice Rylaarsdam. Similarly, plaintiffs' second claim for denial of Due Process is pled against Judge Moss, Judge Margines, Justice O'Leary, Justice Bedsworth and Justice Rylaarsdam. Both claims allege that plaintiffs' rights were violated by these judicial defendants' orders and decisions.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities *secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…. (Emphasis added.)

42 U.S.C. § 1983.

Here, plaintiffs have failed to set forth any *facts* to show that any defendant violated plaintiffs' constitutional rights. Although plaintiffs characterize the orders as being wrongful or unconstitutional, plaintiffs' wholly conclusory

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

characterization does not demonstrate a plausible claim for relief. Moreover, plaintiffs have failed to set forth any facts that Judge Margines deprived plaintiffs of their rights. The only fact alleged as to Judge Margines is that plaintiffs complained to him about Judge Moss.

With regard to plaintiffs' third claim for relief for violation of 15 U.S.C. § 1601 et seq. "Truth in Lending," pled against Judge Moss, Justice O'Leary, Justice Bedsworth and Justice Rylaarsdam, that Act has no applicability to judicial officers presiding over state court cases. That Act pertains to consumer credit protection. There are no such facts that have been or could be alleged in the complaint with regard to these judicial defendants.

Therefore, since plaintiffs have failed to set forth any claim from which relief could be granted against moving defendants, the action must be dismissed.

**VII.**

**CONCLUSION**

Plaintiffs' complaint must be dismissed because the complaint is barred by judicial immunity. In addition, the complaint must be dismissed because this court does not have subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine, the Abstention Doctrine and the Eleventh Amendment. Finally, plaintiffs' complaint must be dismissed because it fails to state any claim from which relief could be granted against these defendants. Thus, for these and the foregoing reasons, the motion to dismiss of defendants the Honorable Kathleen E. O'Leary, Presiding Justice of the California Court of Appeal, Fourth Appellate District, Division Three; the Honorable William W. Bedsworth, Justice of the California Court of Appeal, Fourth Appellate District, Division Three; the Honorable William L. Rylaarsdam, Justice of the California Court of Appeal, Fourth Appellate District, Division Three (Ret.); the Honorable Charles Margines, Presiding Judge of the Superior Court of California, County of Orange; and the

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

Honorable Robert J. Moss, Judge of the Superior Court of California, County of Orange must be granted and plaintiffs' complaint dismissed *without* leave to amend.

Dated: February 15, 2017

**CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.**

/S/ Sarah L. Overton

By: ______________________________

Sarah L. Overton
Attorneys for Defendants
the Honorable Kathleen E. O'Leary,
Presiding Justice of the California Court of Appeal,
Fourth Appellate District, Division Three;
the Honorable William W. Bedsworth,
Justice of the California Court of Appeal,
Fourth Appellate District, Division Three;
the Honorable William L. Rylaarsdam,
Justice of the California Court of Appeal,
Fourth Appellate District, Division Three (Ret.);
the Honorable Charles Margines, Presiding Judge
of the Superior Court of California, County of Orange; and
the Honorable Robert J. Moss, Judge of the Superior Court
of California, County of Orange

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

**PROOF OF SERVICE**
**EICHERLY ET AL V. MOSS, ET AL**
**CASE NO: SACV16-02233 CJC (KESx)**

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

On February 15, 2017, the foregoing document: **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [F.R. Civ.P. Rules 12(b)(1) and (6)]**was filed electronically via this court's CM/ECF system. Accordingly, service was made by virtue of a Notice of Electronic Filing ("NEF") generated automatically upon the filing of the document and transmitted to the email addresses of all counsel of record who have consented to electronic service. By the terms of the court's rules governing electronic filing, service of the documents is deemed complete upon the transmission of the NEF.

Executed on February 15, 2017, in Riverside, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/S/ Marsha Bradley

Marsha Bradley

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405