SARAH L. OVERTON (CSB # 163810)
CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
(951) 276-4420
(951) 276-4405 facsimile
soverton@cmda-law.com

Attorneys for Defendants
the Honorable Kathleen E. O'Leary,
Presiding Justice of the California Court of Appeal,
Fourth Appellate District, Division Three;
the Honorable William W. Bedsworth,
Justice of the California Court of Appeal,
Fourth Appellate District, Division Three;
the Honorable William L. Rylaarsdam,
Justice of the California Court of Appeal,
Fourth Appellate District, Division Three (Ret.);
the Honorable Charles Margines, Presiding Judge
of the Superior Court of California, County of Orange; and
the Honorable Robert J. Moss, Judge of the Superior Court
of California, County of Orange

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE EICHERLY, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ROBERT J. MOSS, et al.,<br><br>　　　　Defendants. | CASE NO. SACV-16-02233 CJC (KESx)<br><br>REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT<br><br>DATE:　　April 3, 2017<br>TIME:　　1:30 p.m.<br>CRTM:　　9B, Ninth Floor<br>JUDGE:　　Hon. Cormac J. Carney |

# **TABLE OF CONTENTS**

**Page No.**

TABLE OF AUTHORITIES……………………………………………….iii

MEMORANDUM OF POINTS AND AUTHORITIES…………………………1

    I.    INTRODUCTION…………………………………………………..1

    II.    *ROOKER-FELDMAN* CLEARLY BARS THIS ACTION AS A DE FACTO APPEAL OF THE SUPERIOR COURT CASES………....3

    III.    ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFFS' COMPLAINT……………………………………………………......6

    IV.    THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE ELEVENTH AMENDMENT…………………………………………….…8

    V.    TO THE EXTENT PLAINTIFFS COMPLAIN OF ONGOING STATE PROCEEDINGS, THE ABSTENTION DOCTRINE APPLIES……………………………………………………………..9

    VI.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED…………………………………………9

    VII.    CONCLUSION……………………………………………………….12

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bolin v. Story*, 225 F.3d 1234, 1241 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . 7

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 , 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Doe & Associates Law Offices v. Napolitano*, supra, 252 F.3d. 1026, 1029 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hirsh v. Justices of the Supreme Court of the State of California,* 67 F.3d 708, 711 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kelley v. Med-1 Solutions, LLC,* 548 F.3d 600, 603 (7th Cir. 2008) . . . . . . . . . . 5

*Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) . . . . . . . . . . . . 6

*Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) . . . . . . . . . . . . . . . . . 7

*Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Pennhurst v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 906-907, 79 L.Ed.2d 67 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

*Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) . . . . . . 5

*Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) . . . . . . 7

*Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) . . . . . . . . 4

*Reynolds v. State of Ga.*, 640 F.2d 702, 705 (5th Cir. 1981) . . . . . . . . . . . . . 5

*Updike v. City of Gresham*, 62 F. Supp. 3d 1205, 1212 (D. Or. 2014) . . . . . . . 7

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-iii-
REPLY TO OPPOSITION TO MOTION TO DISMISS

**Statutes**

42 U.S.C. § 1983 .................................. 7, 10

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The instant complaint concerns plaintiffs' efforts to overturn adverse orders and judgments rendered against them in the Superior Court of California, County of Orange (Superior Court) and California Court of Appeal, Fourth Appellate District, Division Three (Court of Appeal). Indeed, throughout the complaint, plaintiffs have chronicled what they assert to be unconstitutional and wrongful rulings, decisions and judgments of defendant Judge Moss, who presided over plaintiffs' Superior Court cases, and defendants Justice O'Leary, Justice Rylaarsdam and Justice Bedsworth, who presided over plaintiffs' appeals. Cmplt. pp. 13, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 30, 31, 32, 33, 35, 36, 37, 38, 40, 41, 43, 45, 46, 55, 58, 59. Although seemingly unrelated to the legal claims made in the complaint as to the other defendants, plaintiffs have also alleged that they sent a letter to defendant Judge Margines in his capacity as the Presiding Judge of the Superior Court which complained about the rulings of Judge Moss. Cmplt. pp. 33-34.

A motion to dismiss the complaint was brought on behalf of all of these judicial defendants. Since the entirety of the complaint as to Justice O'Leary, Justice Bedsworth, Justice Rylaarsdam and Judge Moss alleged the issuance of unconstitutional, unlawful orders, decisions and judgments; dismissal of the complaint was sought on the basis of judicial immunity. Also, since the entire complaint concerned plaintiffs' efforts to reverse what they contend to be unconstitutional and erroneous judgments, dismissal was sought on the basis of the *Rooker-Feldman* Doctrine. Additionally, to the extent that any case about which plaintiffs' complaint was ongoing, dismissal was sought on the basis of the Abstention Doctrine. With regard to all of the judicial defendants, dismissal was further sought on the basis of the Eleventh Amendment. Finally, dismissal was

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-1-
REPLY TO OPPOSITION TO MOTION TO DISMISS

sought on the basis that the entire complaint failed to state a claim against any moving defendant for which relief could be granted.

Plaintiffs have now filed an opposition to the motion to dismiss. Contrary to the express provisions of the complaint, plaintiffs now assert that the complaint does not pertain to erroneous or adverse orders and judgments, only the judicial defendants' unconstitutional conduct. Opp., pp. 1:10-18, 3:10-17, 5:8-6:23. Plaintiffs also contend that judicial immunity does not apply in this case because plaintiffs do not seek monetary damages directly from the judicial defendants, only injunctive relief. In addition, plaintiffs contend that the *Rooker-Feldman* Doctrine does not apply because that doctrine only applies to valid judgments, not "void" judgments. Plaintiffs further contend that the Eleventh Amendment does not apply in this case because Eleventh Amendment immunity only applies to a state. Finally, plaintiffs allege that they have set forth facts which demonstrate claims for relief against each of these judicial defendants.

Plaintiffs' contentions are without merit. Despite plaintiffs' protestations, almost every page of the complaint details what plaintiffs contend to be erroneous, unconstitutional rulings which plaintiffs also characterize repeatedly as "illegal" and "wrongful." Cmplt. pp. 13, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 30, 31, 32, 33, 35, 36, 37, 38, 40, 41, 43, 45, 46, 55, 58, 59. Plaintiffs have clearly sought to have those judgments declared unconstitutional and void. Thus, there can be no question that pursuant to the *Rooker-Feldman* Doctrine, the complaint must be dismissed as an obvious "de facto" appeal of the underlying Superior Court cases.

Additionally, the complaint as to Judge Moss, Justice O'Leary, Justice Rylaarsdam and Justice Bedsworth must be dismissed because plaintiffs' complaint solely concerns actions taken by them in their judicial capacity. It does not matter that the complaint seeks relief other than monetary damages against the judicial officers. Further, the Eleventh Amendment clearly applies as to Judge Margines because the only factual allegation pertaining to him is that plaintiffs sent him a

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-2-

REPLY TO OPPOSITION TO MOTION TO DISMISS

letter of complaint in his official capacity as Presiding Judge. *See, e.g., Pennhurst v. Halderman*, 465 U.S. 89, 99-100, 104 S.Ct. 900, 906-907, 79 L.Ed.2d 67 (1984); *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Finally, despite plaintiffs' assertions to the contrary, the complaint entirely fails to set forth facts to constitute any claim for relief against any of these defendants. Thus, the complaint must be dismissed against these defendants without further leave to amend.

## II.

## *ROOKER-FELDMAN* CLEARLY BARS THIS ACTION AS A DE FACTO APPEAL OF THE SUPERIOR COURT CASES

The *Rooker-Feldman* Doctrine entirely bars this court from adjudicating this de facto appeal of the Superior Court cases. Nevertheless, plaintiffs assert that the *Rooker-Feldman* Doctrine does not apply because plaintiffs do not *directly* seek to set aside Superior Court judgments. According to plaintiffs, since the judgments and orders were unconstitutional and "wrongful," the judgments and orders were void "ab initio." Therefore, according to plaintiffs, they do not need to seek a *reversal* of the Superior Court judgments because the judgments have no legal effect. Opp. pp. 19-21.

Plaintiffs' circular reasoning runs afoul of *Rooker-Feldman.* Indeed, plaintiffs' assertion that the *Rooker-Feldman* Doctrine does not apply is entirely belied by the express provisions set forth in the complaint. In the complaint, plaintiffs repeatedly seek a review of the rulings, orders, decisions and judgments rendered in the Superior Court and Court of Appeal about which the complaint alleges to be wrong and unconstitutional. Cmplt. pp. 13, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 30, 31, 32, 33, 35, 36, 37, 38, 40, 41, 43, 45, 46, 55, 58, 59. Plaintiffs seek a declaration that because of the "unconstitutional" conduct of the judicial defendants, their orders and judgments have no force or effect. In fact, plaintiffs even seek to reverse the adverse judgments by requesting a "declaration"

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

– 3 –

REPLY TO OPPOSITION TO MOTION TO DISMISS

from this court that plaintiffs own part of the mobile home park; a declaration contrary to the judgments in the Superior Court. Cmplt. pp. 83-86, 88-89. Thus, plaintiffs do seek a review and a reversal of the Superior Court cases.

Despite this, plaintiffs allege that as long as the complaint alleges a Constitutional violation, *Rooker-Feldman* does not apply. Opp. pp. 19-21.

Plaintiffs' assertion demonstrates a fundamental misunderstanding of the *Rooker-Feldman* Doctrine. The *Rooker–Feldman* Doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment. (Citations.)" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). A federal complaint is considered a *de facto* appeal when the "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules. (Citation.)" *Ibid.*

In this case, plaintiffs' complaint is entirely intertwined with the state court actions. Indeed, on almost every page of the complaint plaintiffs discuss the allegedly unconstitutional orders and rulings which plaintiffs seek to have this court review. Cmplt. pp. 13, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 30, 31, 32, 33, 35, 36, 37, 38, 40, 41, 43, 45, 46, 55, 58, 59.

"Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined. (Citations.)" *Doe & Associates Law Offices v. Napolitano*, *supra*, 252 F.3d. 1026, 1029 (9th Cir. 2001). Any time the federal claims are "inextricably intertwined" with the state court's decision, the District Court does not have jurisdiction. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 , 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

Thus, this court does not have jurisdiction to adjudicate this case.

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

– 4 –
REPLY TO OPPOSITION TO MOTION TO DISMISS

Moreover, the court in *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) stated that where, as in this case, "federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment. (Citations.)."

The *Pieper v. Am. Arbitration Ass'n, Inc.*, case is on point. In that case, the plaintiff alleged that the state court violated his Due Process and jury trial rights by granting defendant's motion to compel arbitration. Because the state court allegedly committed constitutional violations, the plaintiff sought injunctive relief to prevent the arbitration from going forward. However, despite plaintiff's claim that there existed constitutional violations, the federal court found that the federal lawsuit was inextricably intertwined with the state court action and was barred by the *Rooker-Feldman* Doctrine. *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d at 460.

Likewise, in *Kelley v. Med-1 Solutions, LLC,* 548 F.3d 600, 603 (7th Cir. 2008), the court stated that the *Rooker-Feldman* Doctrine:

> [P]recludes lower federal court jurisdiction over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be. (Citation.) The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. (Citation.) A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court. (Citation.)

Similarly, the court in *Reynolds v. State of Ga.*, 640 F.2d 702, 705 (5th Cir. 1981) stated:

> [T]he fact that an arbitrary judgment of a State Court may abridge the Constitution does not necessarily mean that such a judgment gives rise to a claim for violation of Constitutional and Civil Rights in Federal District Court. If to review such a judgment for Constitutional violations of that character is essentially an exercise of appellate

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

−5−
REPLY TO OPPOSITION TO MOTION TO DISMISS

jurisdiction, a Federal District Court, whose jurisdiction is strictly original, has no power to entertain such a suit.

Despite this clear demarcation between state and federal jurisdiction, plaintiffs state that as long as they assert "extrinsic fraud," the *Rooker Feldman* Doctrine does not apply. In support of that contention, plaintiffs cite to *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

Plaintiffs' citation to *Kougasian v. TMSL, Inc.*, is entirely misplaced. In that case, plaintiff alleged that the defendant obtained a judgment in state court based upon that defendant's extrinsic fraud committed on the state court. Plaintiffs did not, as in this case, allege that the state court judges themselves were part of the alleged extrinsic fraud. Indeed, the *Kougasian* court specifically differentiated between the two concepts. "A plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party." *Kougasian*, 359 F.3d at 1140–41. In the present case, unlike in *Kougasian*, the opposition to the motion to dismiss alleges that defendants Justice O'Leary, Justice Bedsworth, Justice Rylaarsdam and Judge Moss committed the "extrinsic fraud" in rendering unconstitutional orders, decisions and judgments. Thus, to the extent there is an extrinsic fraud exception to *Rooker-Feldman*, such does not apply in the instant case.

Indeed, in the present case, in order to find for the plaintiffs, this court would be required to first hold, in violation of the *Rooker-Feldman* Doctrine, that the state court judicial decisions, orders and/or judgments were wrong. Therefore, the instant action is entirely barred and the motion to dismiss must be granted.

## III.

## ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFFS' COMPLAINT

Plaintiffs allege that judicial immunity does not apply in this case because plaintiffs seek declaratory relief and because the allegations are against state judicial officers. However, as discussed fully in the motion to dismiss, judicial

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-6-
REPLY TO OPPOSITION TO MOTION TO DISMISS

immunity applies regardless of whether plaintiffs are seeking monetary damages, injunctive or declaratory relief. *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Updike v. City of Gresham*, 62 F. Supp. 3d 1205, 1212 (D. Or. 2014).

Despite this legal authority, plaintiffs seek to limit judicial immunity in actions seeking declaratory or injunctive relief. In support of their contention, plaintiffs cite to *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987). However, that case does not assist plaintiffs. In *Mullis v. U.S. Bankr. Court for Dist. of Nevada* the Ninth Circuit specifically stated that:

> [W]hen a person who is alleged to have caused a deprivation of constitutional rights while acting under color of federal law can successfully assert judicial or quasi-judicial immunity from damages, that immunity also will bar declaratory and injunctive relief.

Thus, regardless of the nature of the relief requested, judicial immunity applies where, as here, the alleged constitutional violations occurred as a result of actions taken by defendants in their judicial capacity.

Plaintiffs also cite to *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), for their contention that judicial immunity does not apply where the party is seeking non-monetary relief. However, *Pulliam v. Allen* was abrogated with the amendment to 42 U.S.C § 1983 in 1996. The current version of the Act specifically excludes actions against judicial officers for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." Here there is no allegation that in the underlying state court proceedings a declaratory decree was violated or declaratory relief was unavailable.

Moreover, despite plaintiffs' contentions, judicial immunity is not limited where the action is against state rather than federal judges. "[I]t is inappropriate to create a distinction between state and federal officials for the purposes of immunity…." *Bolin v. Story*, 225 F.3d 1234, 1241 (11th Cir. 2000).

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-7-

REPLY TO OPPOSITION TO MOTION TO DISMISS

Thus, whether or not the defendants in this action are state or federal judicial officers, and whether or not the complaint seeks declaratory relief, judicial immunity still applies to bar this action against Justice O'Leary, Justice Bedsworth, Justice Rylaarsdam and Judge Moss.

## IV.

## THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE ELEVENTH AMENDMENT

In their opposition, plaintiffs admit that the complaint is alleged against these judicial defendants in their individual and official capacities. However, plaintiffs contend that regardless of this, the Eleventh Amendment does not apply because they did not name the State of California as a defendant. Cmplt., pp. 22-23.

Plaintiff's contention fails to recognize the fact that the Eleventh Amendment applies regardless of whether the state is specifically named as a defendant. A suit against the superior court is also considered a suit against the state for the purpose of Eleventh Amendment immunity. *Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987) In addition, a suit filed against an official sued in that person's official capacity is also barred by the Eleventh Amendment. *See, e.g., Pennhurst v. Halderman*, 465 U.S. 89, 99-100, 104 S.Ct. 900, 906-907, 79 L.Ed.2d 67 (1984); *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

Here the complaint is plainly barred against Judge Margines pursuant to the Eleventh Amendment. The complaint alleges that plaintiffs sent Judge Margines a letter in his capacity as the Presiding Judge which complained about Judge Moss. The complaint entirely fails to state any action taken by Judge Margines in his individual capacity. Indeed, the complaint entirely fails to allege facts which show that Judge Margines violated their constitutional rights.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-8-
REPLY TO OPPOSITION TO MOTION TO DISMISS

Moreover, the Eleventh Amendment bars this action against the other judicial defendants. As to them, the complaint fails to allege facts to demonstrate that they took any action in their individual capacities; as opposed to their official capacities as judicial officers presiding over plaintiffs' cases.

Consequently, all of these moving defendants are immune from liability pursuant to the Eleventh Amendment.

## V.

## TO THE EXTENT PLAINTIFFS COMPLAIN OF ONGOING STATE PROCEEDINGS, THE ABSTENTION DOCTRINE APPLIES

Plaintiffs assert that abstention does not apply in this case because only one case is "ongoing" and that case is on appeal. They contend that the factors supporting abstention are not present Opp. p. 21-22. However, as stated in the motion to dismiss, abstention is *required* if the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *Hirsh v. Justices of the Supreme Court of the State of California,* 67 F.3d 708, 711 (9th Cir. 1995).

Here in the one matter identified by plaintiffs, *Chodosh*, plaintiffs have the opportunity to litigate their important state property and constitutional claims during the appeal or by way of petition to the California Supreme Court. Consequently, since plaintiffs have an opportunity to raise their federal claims in ongoing state court proceedings, this court should abstain from hearing the instant case.

## VI.

## THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs allege that they have set forth ample facts to support their claims for relief. However, plaintiffs have not pled *facts* with regard these defendants.

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

– 9 –
REPLY TO OPPOSITION TO MOTION TO DISMISS

1  As stated in the motion to dismiss: "Threadbare recitals of the elements of a cause
2  of action, supported by mere conclusory statements, do not suffice." *Ashcroft v.*
3  *Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
4  "[O]nly a complaint that states a plausible claim for relief survives a motion to
5  dismiss." *Id.* at 679, 129 S.Ct. at 1950.

6      Here, the one fact alleged as to Judge Margines pertains to plaintiff's claim
7  they sent him a letter to him complaining of Judge Moss.  Plaintiffs have failed to
8  state any fact which would constitute their second claim for relief for violation of
9  their due process or other constitutional rights.

10     Likewise, plaintiffs' third claim for violation of the Truth in Lending Act
11 wholly fails against these judicial defendants because that Act pertains to
12 consumer credit protection.  There are no facts alleged pursuant to the Act which
13 pertain to judicial officers.

14     Finally, plaintiffs have failed to state facts to support either their first claim
15 for violation of 42 U.S.C. § 1983 or second claim for violation of Due Process
16 against Justice O'Leary, Justice Bedsworth, Justice Rylaarsdam and Judge Moss.
17 Although plaintiffs characterize the orders, judgments and decisions as being
18 wrongful or unconstitutional, plaintiffs' wholly conclusory characterization does
19 not demonstrate a plausible claim for relief which would hold these judicial
20 officers personally and individually liable.  Thus, since plaintiffs have failed to set
21 forth any claim from which relief could be granted against moving defendants, the
22 action must be dismissed.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-10-

REPLY TO OPPOSITION TO MOTION TO DISMISS

# VII.

# CONCLUSION

For all of the foregoing reasons, and all of the reasons set forth in the motion to dismiss, the instant motion must be granted and plaintiffs' complaint dismissed *without* leave to amend.

Dated: March 20, 2017

                CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.

                /S/ SARAH L. OVERTON

By: _____
     Sarah L. Overton
     Attorneys for Defendants
     the Honorable Kathleen E. O'Leary,
     Presiding Justice of the California Court of Appeal,
     Fourth Appellate District, Division Three;
     the Honorable William W. Bedsworth,
     Justice of the California Court of Appeal,
     Fourth Appellate District, Division Three;
     the Honorable William L. Rylaarsdam,
     Justice of the California Court of Appeal,
     Fourth Appellate District, Division Three (Ret.);
     the Honorable Charles Margines, Presiding Judge
     of the Superior Court of California, County of Orange; and
     the Honorable Robert J. Moss, Judge of the Superior Court
     of California, County of Orange

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

# PROOF OF SERVICE
## EICHERLY ET AL V. MOSS, ET AL
### CASE NO: SACV16-02233 CJC (KESx)

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

On March 20, 2017, the foregoing document: **REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT,** was filed electronically via this court's CM/ECF system. Accordingly, service was made by virtue of a Notice of Electronic Filing ("NEF") generated automatically upon the filing of the document and transmitted to the email addresses of all counsel of record who have consented to electronic service. By the terms of the court's rules governing electronic filing, service of the documents is deemed complete upon the transmission of the NEF.

Executed on March 20, 2017, in Riverside, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/S/ Marsha Bradley
_____
Marsha Bradley

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-12-

REPLY TO OPPOSITION TO MOTION TO DISMISS