JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| SUE EICHERLY *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT J. MOSS *et al.*, <br><br> Defendants. | Case No.: SACV 16-02233-CJC(KESx) <br><br><br> **ORDER DISMISSING CASE WITH PREJUDICE** |

Plaintiffs Sue Eicherly, Myrle Moore, Floyd Chodosh, Ole Haugen, Todd Peterson, Kathleen Schowalter, and Rodger Kane bring this action against Defendants the Honorable Kathleen E. O'Leary, Presiding Justice of the California Court of Appeal, Fourth Appellate District, Division Three; the Honorable William W. Bedsworth, Justice of the California Court of Appeal, Fourth Appellate District, Division Three; the Honorable William L. Rylaarsdam, Justice of the California Court of Appeal, Fourth Appellate District, Division Three; the Honorable Charles Margines, Presiding Judge of

the Superior Court of California, County of Orange; the Honorable Robert J. Moss, Judge of the Superior Court of California, County of Orange, (collectively, the "Judicial Officers"); Palm Beach Park Association ("PBPA"); ICC 35902 LLC; 3187 Redhill LLC (together, the "LLC Defendants"); Jefferies Loancore LLC ("Jefferies"); Fidelity National Title Company ("Fidelity"); John Saunders; Robert Coldren; Lisa Salisbury; Philip Anshutz; Diana Mantelli; George Fiori; and Dan Smith. (*See generally* Dkt. 1 [Complaint, hereinafter "Compl."].) Before the Court is the Judicial Officers' motion to dismiss the Complaint on the grounds of judicial immunity, the *Rooker-Feldman* doctrine, *Younger* abstention, the Eleventh Amendment, and for failure to state a claim. (Dkt. 11 [Motion, hereinafter "Mot."].) The motion is GRANTED under the *Rooker-Feldman* doctrine and the entire case is DISMISSED WITH PREJUDICE.[1]

The core of Plaintiffs' complaint is that the Judicial Officers agreed and conspired with each other and with the other Defendants in this case to enforce leases, HOA memberships, and residential loans pertaining to a mobile home park where Plaintiffs used to reside that they allegedly "knew were illegal," resulting in judgments against Plaintiffs in two cases decided by Judge Moss, *Chodosh v. Palm Beach Park Assoc., et al.*, Super. Ct. Case No. 30-2010-00423544 ("*Chodosh*"), and *Haugen v. PBPA*, Super. Ct. Case No. 30-2015-0081937 ("*Haugen*"). (Compl. ¶¶ 25–128.) After Judge Moss re-assumed jurisdiction over the litigation, which Plaintiffs allege was a deliberate attempt to meddle with the outcome, Justices O'Leary, Bedsworth, and Rylaarsdam denied Plaintiffs' to disqualify him, and later denied Plaintiffs' challenges of Judge Moss's decisions. (*Id.* ¶¶ 65–186.) Plaintiffs had previously sued Justice Trotter and JAMS, Inc., for alleged misconduct during mediation as part of this state court legal battle, and claim that the Judicial Officers' alleged conspiracy was based on a desire to protect

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 3, 2017, at 1:30 p.m. is hereby vacated and off calendar.

Justice Trotter and to secure positions for themselves at JAMS upon retirement. (*Id.* ¶¶ 25–29, 48–64, 187–241.) They also contend that their counsel wrote to Judge Margines about Judge Moss' alleged misconduct, but Judge Margines did nothing about it. (*Id.* ¶¶ 129–32.)

Plaintiffs allege that as part of the conspiracy, Justices O'Leary, Rylaarsdam, and Bedsworth "wrongfully upheld and affirmed Judge Moss' wrongful rulings and decisions by which the court aided and abetted illegal leases and contracts," and the LLC Defendants participated with Judge Moss in the conspiracy through *ex parte* communications, in violation of 42 U.S.C. § 1983. (*Id.* ¶ 242–55.) They allege that the "extreme facts that cause intolerable appearance of impropriety" by the Judicial Officers, including Judge Moss's re-assumption of jurisdiction, Judge Margines' ignoring of wrongdoing, and other wrongful conduct justifies a declaration that the Judicial Officers "could not afford and provide to Plaintiffs the impartial tribunal and decision makers that is the core of due process." (*Id.* ¶¶ 256–64.) They also allege that as part of the conspiracy, Judge Moss and Justices O'Leary, Rylaarsdam, and Bedsworth, along with PBPA, violated the Truth in Lending Act, 15 U.S.C. §§1601*et seq.*, by failing to enforce the Act so that Plaintiffs would lose their case. (*Id.* ¶¶ 265–79.) Finally, they claim that PBPA, Mantelli, Fiore, and Smith breached their fiduciary duties through alleged illegal land transactions, (*id.* ¶¶ 280–98), and that the LLC Defendants, Saunders, Anschutz, Coldren, Salisbury, Jefferies, and Fidelity aided and abetted in that breach of fiduciary duty, (*id.* ¶¶ 299–322). They seek compensatory and punitive damages only against the non-Judicial Defendants, (*id.* ¶¶ 255, 298, 322), and request declaratory relief against all Defendants under 28 U.S.C. §§ 2201–2202, (*id.* ¶¶ 323–39.)

The Court does not have subject matter jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine, which provides that federal courts do not have jurisdiction over cases that constitute de facto appeals from state court judgments. *Bianchi v.*

*Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  If "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction." *Id.*  This doctrine applies even if the plaintiff asserts that the state judgment violated his or her federal rights. *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986).  If the alleged injury resulted from the state judgment itself, *Rooker-Feldman* applies. *Bianchi*, 334 F.3d at 900.

Plaintiffs rely on *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), for the proposition that *Rooker-Feldman* does not apply because they challenge "base wrongdoing" and "do not seek any relief in the nature of reversal or overturn [sic] of a state court judgment, order, or ruling." (Dkt. 16 at 20–21.)  As an initial matter, Plaintiffs' reliance on *Kougasian* is misplaced, because in that case, the Ninth Circuit explained that although the plaintiff sought relief from a state court judgment, *Rooker-Feldman* did not apply because she did "*not* assert 'as a legal wrong an allegedly erroneous decision by a state court,' but rather 'an allegedly illegal act or omission by an adverse party.'" *Kougasian*, 359 F.3d at 1140 (emphasis added).

Additionally, Plaintiffs' argument elevates form over substance.  Courts applying *Rooker-Feldman* "must pay close attention to the *relief* sought by the federal-court plaintiff." *Bianchi*, 334 F.3d at 900 (emphasis in original).  Here, Plaintiffs seek, among other things, a determination that PBPA violated the Truth in Lending Act; a declaration that the "rulings, orders and judgments" against the Plaintiffs were made "at a time when Judge Moss and the Defendant Justices were engaged in an agreement and conspiracy" to deprive Plaintiffs of their constitutional rights; a declaration that "at the time" the Judicial Officers entered orders against Plaintiffs, they were denying Plaintiffs their due process rights; a declaration that Plaintiffs' property and rights are owned and held by them free

and clear of any claim of non-Judicial Defendants that they own the mobile home park at issue because the they obtained title to the park "with the help and assistance of Judge Moss at a time that Judge Moss was engaged in an agreement and conspiracy to deny Plaintiffs" their constitutional rights; and a declaration that Plaintiffs' property and rights are owned and held by them free and clear of any claim of defendant Jefferies because the sale of the park "occurred during and as a result of Judge Moss [sic] willful judicial misconduct in carrying out an agreement and conspiracy to deprive Plaintiffs" of their constitutional rights.  (Compl. at Prayer for Relief.)  While Plaintiffs' Complaint spends considerable time describing the alleged conspiracy, the alleged injuries are the direct result of the state court judgments and their requested relief asks the Court to issue declarations directly adverse to those state court decisions—it "is difficult to imagine what remedy the district court could award in this case that would not eviscerate the state court's judgment." *Bianchi*, 334 F.3d at 902.

Although this motion to dismiss was brought only by the Judicial Officers, the Court finds that dismissal of the entire case is warranted under *Rooker-Feldman*. *Riding v. Cach LLC*, 992 F. Supp. 2d 987, 992 (C.D. Cal. 2014) (A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject-matter jurisdiction and may be raised at any time by either party or sua sponte by the court.").

For the foregoing reasons, the Judicial Officers' motion to dismiss GRANTED. The entirety of this case is DISMISSED WITH PREJUDICE.[2]

DATED:    March 29, 2017

                                    CORMAC J. CARNEY
                                  UNITED STATES DISTRICT JUDGE

---

[2] Accordingly, Defendant Fidelity's motion to dismiss, (Dkt. 15), and Plaintiffs' motion to extend time for service of summons and complaint on three defendants, (Dkt. 21), are DENIED AS MOOT.