FILED

JAN 03 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUE EICHERLY; et al.,<br><br>    Plaintiffs-Appellants,<br><br>  v.<br><br>KATHLEEN O'LEARY, individually, and in her capacity as Presiding Justice of the California Court of Appeal, Fourth District, Div. 3; et al.,<br><br>    Defendants-Appellees. | No.   17-55446<br><br>D.C. No. 8:16-cv-02233-CJC-KES<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 4, 2017
Pasadena, California

Before: TASHIMA and BERZON, Circuit Judges, and KENNELLY,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Plaintiffs are former residents of or owners of property in Palm Beach Park, a mobile home park in San Clemente, California. Plaintiffs appeal from the district court's dismissal, with prejudice, of their complaint against two Orange County Superior Court judges, three Court of Appeal justices, the Palm Beach Park Association (PBPA), and a number of other defendants for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. We review de novo a district court's dismissal of a case under *Rooker-Feldman*. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

Prior to bringing the present lawsuit in federal court, plaintiffs were involved in multiple state court lawsuits concerning the Park. Plaintiffs alleged that the Orange County Superior Court judges and Court of Appeal justices violated their constitutional rights during the course of the state court litigation. Specifically, plaintiffs claimed violations of due process based on the state court judges' alleged conspiracy "to ignore and defy the law . . . and rule against Plaintiffs, even though Plaintiffs were in the right and the law was clearly on their side," and the existence of extreme facts creating an unconstitutional probability of judicial bias. Plaintiffs additionally claimed that the state court judges violated the Truth in Lending Act, 15 U.S.C. § 1635(b), by failing to enforce the law properly. Plaintiffs also brought

state law claims for breach of fiduciary duty and aiding and abetting of the same against a number of other defendants.

Plaintiffs sought declaratory relief against the state court judges and both damages and declaratory relief against the other defendants. The relief requested included a declaration that when they entered orders and judgments adverse to the plaintiffs, the state court judges were engaged in a conspiracy to deprive plaintiffs of their due process rights. Plaintiffs also sought a declaratory judgment that they held their property free and clear of any claim of the private defendants because the rulings that ultimately allowed the private defendants to obtain title to the Park were made as part of the same judicial conspiracy.

*Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This jurisdictional bar is not limited to direct appeals of state court judgments; it also extends to their "de facto equivalent[s]." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). As we explained in *Noel*, "[i]t is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court

complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163.

As a preliminary matter, we are satisfied that the state court decisions at issue in this case are sufficiently final for *Rooker-Feldman* purposes. The purpose of the *Rooker-Feldman* doctrine is to ensure that review of state court decisions proceeds through the state appellate process and then, if necessary, to the Supreme Court of the United States. *See Exxon*, 544 U.S. at 292. Notwithstanding plaintiffs' argument to the contrary, they may not avoid *Rooker-Feldman*'s bar and obtain review of adverse state court decisions in federal district court just because at least one of their cases remains pending on appeal in state court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986).

The district court correctly ruled that *Rooker-Feldman* barred plaintiffs' federal claims. The relief they sought amounts to a declaration that the state court judgments were invalid. Plaintiffs may not make an end-run around *Rooker-Feldman* by limiting their claim against the state court judges to one for declaratory relief; they conceded at argument that they would use a federal declaratory judgment to try to undo the state court judgments. Plaintiffs' contention that their federal claims assert legal injuries independent of any state court decision—and therefore not barred by *Rooker-Feldman*—is also belied by

the fact that they rely on the allegedly erroneous state court orders and decisions as the primary "evidence" of the underlying due process violations. At bottom, plaintiffs' federal claims (1) complain of legal wrongs committed by the state court and (2) seek relief from the decisions of that court. As such, they are de facto appeals barred by *Rooker-Feldman*.[1]

Although the district court properly dismissed plaintiffs' federal claims on this basis, it erred in dismissing those claims with prejudice. *See Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court."). We therefore vacate the dismissal with prejudice and remand with instructions to dismiss these claims without prejudice.

Even though the district court appears to have dismissed the remaining state law claims on *Rooker-Feldman* grounds, we may affirm the dismissal on the alternative ground that the district court should have relinquished supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a). *See Prather v. AT&T, Inc.*, 847 F.3d 1097, 1108 (9th Cir.), *cert. denied*, 137 S. Ct. 2309 (2017)

---

[1] Plaintiffs' additional argument that *Rooker-Feldman* does not apply because they have alleged extrinsic fraud on the state court, *see Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139-40 (9th Cir. 2004), is without merit. Plaintiffs did not allege extrinsic fraud anywhere in their complaint.

("Without subject matter jurisdiction over [plaintiff's] federal claim, the district court properly concluded it had no discretion to exercise supplemental jurisdiction over [plaintiff's] state law claims."); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) ("We may affirm the district court's dismissal on any ground supported by the record."). Once again, however, these claims should not have been dismissed with prejudice, but rather for lack of supplemental jurisdiction under 28 U.S.C. § 1367.

We therefore AFFIRM the dismissal of plaintiffs' federal claims based on *Rooker-Feldman* but REMAND for entry of judgment dismissing plaintiffs' federal claims for lack of federal subject matter jurisdiction and dismissing plaintiffs' state claims for lack of supplemental jurisdiction.

**AFFIRMED in part and REMANDED.**